### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | * |
| **vs.** | * |
| | Case No. **1:22-CR-00417-RDP-NAD-1** |
| **KRYSTAL DIANE PINKINS,** | * |
| **Defendant** | * |

### UNOPPOSED MOTION TO CONTINUE

Comes now, the undersigned counsel of record for Defendant, Krystal Diane Pinkins, and moves this Honorable Court without opposition to continue the current trial setting of February 6, 2023.

1. The Defendant was arraigned on December 15, 2022 on a four-count indictment. (Doc. 1)

2. The Scheduling Order (Doc 12) set this case on the February 6, 2023, trial docket. The order also established the Rule 17.1 plea notification deadline for January 17, 2023.

3. The discovery in this case is quite extensive and undersigned counsel requires significant time to process and review the discovery with Ms. Pinkins.

4. Despite the exercise of due diligence, the undersigned requires additional time to complete his investigation, to confer with Ms. Pinkins, and to prepare the constitutionally required defense.

5. Additionally, the undersigned has filed a Motion for Mental Evaluation (Doc. 13) and questions the Defendant's competency to stand trial.

6. At this time the Defendant, Ms. Pinkins, has not expressly waived her right to a speedy trial. However, the undersigned has filed a Motion for a Mental Evaluation (Doc. 13) in an effort to ascertain the Defendant's competency and is unsure of the Defendant's ability to competently waive her right to speedy trial.

7. Requests for a continuance are addressed at the sound discretion of the trial court. United States v. Darby, 744 F.2d 1508, 1521 (11th Cir. 1984), reh. Denied 749 F.2d 733, cert. denied 471 U.S. 1100 (1985). A continuance in order to allow defendant, "the reasonable time necessary for effective preparation" for trial is one of the factors considered significantly by the Speedy Trial Act. United States v. Davenport, 935 F.2d 1223, 1235 (11th Cir. 1991); 18 U.S.C. § 3161(h)(8)(B)(iv). The Eleventh Circuit has repeatedly recognized that a continuance in order to provide adequate preparation by counsel serves the ends of justice. United States v. Goetz, 826 F.2d 1025, 1028 (11th Cir. 1987) (upholding, against a speedy trial claim, continuance of eighty days to allow new counsel to prepare for trial): United States v. Elkins, 795 F.2d 919, 924 (11th Cir. 1986) cert. denied 479 U.S. 952 (1986) (same); United States v. Sarro, 742 F.2d 1286, 1300 (11th Cir. 1984), reh. denied 751 F.2d 394 (1984).

8. The undersigned has spoken with the Assistant United States Attorney in this case, and the Government does not oppose a continuance.

      Wherefore, premises considered, Counsel for the Defendant respectfully request this Honorable Court Continue the trial setting, as well as all related settings and deadlines until the Defendant's competency can been determined.

      Respectfully submitted 17th day of January, 2023.

                                          */s/ Justin C. Wilson*
                                          Justin C. Wilson
                                          Attorney for the Defendant

## CERTIFICATE OF SERVICE

      I, Justin C. Wilson, do hereby certify that I have on this the 17th day of January 2023, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all CM/ECF participants in this case.

                                          */s/ Justin C. Wilson*
                                          Justin C. Wilson
                                          Attorney for the Defendant