FILED

2023 Sep-18  PM 01:42
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **v.** | ) **Case No. 1:22-cr-417-RDP-NAD** |
| | ) |
| **KRYSTAL DIANE PINKINS** | ) |

## REQUESTED JURY INSTRUCTIONS OF THE UNITED STATES

Comes now the United States of America, by and through undersigned counsel, and requests that the following jury offense instructions be given during the Court's charge at the trial of the above-captioned matter.

Respectfully submitted this the 18th day of September 2023.

PRIM F. ESCALONA
United States Attorney

*/s/ Electronic Signature*
JONATHAN S. CROSS
Assistant United States Attorney

*/s/ Electronic Signature*
JOHN B. FELTON
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been electronically filed with the Clerk of Court, Northern District of Alabama, on this day, using the CM/ECF filing system that will send notification of said filing to counsel for the defendants.

*/s/ Electronic Signature*
JONATHAN S. CROSS
Assistant United States Attorney

**<u>GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 1</u>**

**Preliminary Instructions – Criminal Cases**

Members of the Jury:

Now that you have been sworn, I need to explain some basic principles about a criminal trial and your duty as jurors. These are preliminary instructions. At the end of the trial, I will give you more detailed instructions.

<u>Duty of jury</u>:

It will be your duty to decide what happened so you can determine whether the Defendant is guilty or not guilty of the crime charged in the indictment. At the end of the trial, I will explain the law that you must follow to reach your verdict. You must follow the law as I explain it to you even if you do not agree with the law.

<u>What is evidence</u>:

You must decide the case solely on the evidence presented here in the courtroom. Evidence can come in many forms. It can be testimony about what someone saw or heard or smelled. It can be an exhibit admitted into evidence. It can be someone's opinion. Some evidence proves a fact indirectly, such as a witness who saw wet grass outside and people walking into the courthouse carrying wet umbrellas. Indirect evidence, sometimes called circumstantial evidence, is simply a chain of circumstances that proves a fact. As far as the law is

concerned, it makes no difference whether evidence is direct or indirect. You may
choose to believe or disbelieve either kind and should give every piece of evidence
whatever weight you think it deserves.

<u>What is not evidence:</u>

Certain things are not evidence and must not be considered. I will list them for you
now:

- Statements and arguments of the lawyers. In their opening statements and
  closing arguments, the lawyers will discuss the case, but their remarks are
  not evidence;

- Questions and objections of the lawyers. The lawyers' questions are not
  evidence. Only the witnesses' answers are evidence. You should not think
  that something is true just because a lawyer's question suggests that it is. For
  instance, if a lawyer asks a witness, "you saw the Defendant hit his sister,
  didn't you?" – that question is no evidence whatsoever of what the witness
  saw or what the Defendant did, unless the witness agrees with it.

There are rules of evidence that control what can be received into evidence.
When a lawyer asks a question or offers an exhibit and a lawyer on the other side
thinks that it is not permitted by the rules of evidence, that lawyer may object. If I
overrule the objection, then the question may be answered, or the exhibit received.
If I sustain the objection, then the question cannot be answered, and the exhibit

cannot be received. Whenever I sustain an objection to a question, you must ignore the question and not try to guess what the answer would have been.

Sometimes I may order that evidence be stricken and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider that evidence.

Some evidence is admitted only for a limited purpose. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and no other.

<u>Credibility of witnesses</u>:

In reaching your verdict, you may have to decide what testimony to believe and what testimony not to believe. You may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, you may take into account:

- The opportunity and ability of the witness to see or hear or know the things testified to;

- The witness's memory;

- The witness's manner while testifying;

- The witness's interest in the outcome of the case and any bias or prejudice;

- Whether other evidence contradicted the witness's testimony;

4

- The reasonableness of the witness's testimony in light of all the evidence; and

- Any other factors that bear on believability.

I will give you additional guidelines for determining credibility of witnesses at the end of the case.

<u>Rules for criminal cases</u>:

As you know, this is a criminal case. There are three basic rules about a criminal case that you must keep in mind.

First, the Defendant is presumed innocent until proven guilty. The Indictment against the Defendant brought by the government is only an accusation, nothing more. It is not proof of guilt or anything else. The Defendant therefore starts out with a clean slate.

Second, the burden of proof is on the government until the very end of the case. The Defendant has no burden to prove her innocence or to present any evidence, or to testify. Since the Defendant has the right to remain silent and may choose whether to testify, you cannot legally put any weight on a Defendant's choice not to testify. It is not evidence.

Third, the government must prove the Defendant's guilt beyond a reasonable doubt. I will give you further instructions on this point later but bear in mind that the level of proof required is high.

5

Conduct of the jury:

Our law requires jurors to follow certain instructions regarding their personal conduct in order to help assure a just and fair trial. I will now give you those instructions:

1. Do not talk, either among yourselves or with anyone else, about anything related to the case. You may tell the people with whom you live and your employer that you are a juror and give them information about when you will be required to be in court, but you may not discuss with them or anyone else anything related to the case.

2. Do not, at any time during the trial, request, accept, agree to accept, or discuss with any person, any type of payment or benefit in return for supplying any information about the trial.

3. You must promptly tell me about any incident you know of involving an attempt by any person to improperly influence you or any member of the jury.

4. Do not visit or view the premises or place where the charged crime was allegedly committed, or any other premises or place involved in the case. And you must not use Internet maps or Google Earth or any other program or device to search for a view of any location discussed in the testimony.

5. Do not read, watch, or listen to any accounts or discussions related to the case which may be reported by newspapers, television, radio, the Internet, or any other news media.

6. Do not attempt to research any fact, issue, or law related to this case, whether by discussions with others, by library or Internet research, or by any other means or source.

In this age of instant electronic communication and research, I want to emphasize that in addition to not talking face to face with anyone about the case, you must not communicate with anyone about the case by any other means, including by telephone, text messages, email, Internet chat, chat rooms, blogs, or social-networking websites and apps such as Facebook, Instagram, Snapchat, YouTube, or Twitter. You may not use any similar technology of social media, even if I have not specifically mentioned it here.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also must not use Google or otherwise search for any information about the case, or the law that applies to the case, or the people involved in the case,

including the Defendant, the witnesses, the lawyers, or the judge. It is important that you understand why these rules exist and why they are so important:

Our law does not permit jurors to talk with anyone else about the case, or to permit anyone to talk to them about the case, because only jurors are authorized to render a verdict. Only you have been found to be fair and only you have promised to be fair – no one else is so qualified.

Our law also does not permit jurors to talk among themselves about the case until the court tells them to begin deliberations, because premature discussions can lead to a premature final decision.

Our law also does not permit you to visit a place discussed in the testimony. First, you can't be sure that the place is in the same condition as it was on the day in question. Second, even if it were in the same condition, once you go to a place discussed in the testimony to evaluate the evidence in light of what you see, you become a witness, not a juror. As a witness, you may now have a mistaken view of the scene that neither party may have a chance to correct. That is not fair.

Finally, our law requires that you not read or listen to any news accounts of the case, and that you not attempt to research any fact, issue, or law related to the case. Your decision must be based solely on the testimony and other evidence presented in this courtroom. Also, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me, and not

from any other source. It wouldn't be fair to the parties for you to base your decision on some reporter's view or opinion, or upon other information you acquire outside the courtroom.

These rules are designed to help guarantee a fair trial, and our law accordingly sets forth serious consequences if the rules are not followed. I trust that you understand and appreciate the importance of following these rules, and in accord with your oath and promise, I know you will do so.

<u>Taking notes</u>:

Moving on now, if you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you so that you do not hear other answers by witnesses. When you leave the courtroom, your notes should be left in the jury room. Whether or not you take notes, you should rely on your own memory of what was said. Notes are to assist your memory only. They are not entitled to any greater weight than your memory or impression about the testimony.

<u>Course of the trial</u>:

The trial will now begin. First, the government will make an opening statement, which is simply an outline to help you understand the evidence as it

comes in. Next, the Defendant's attorney may, but does not have to, make an opening statement. Opening statements are neither evidence nor argument. The government will then present its witnesses, and counsel for the Defendant may cross-examine them. Following the government's case, the Defendant may, if she wishes, present witnesses whom the government may cross-examine. After all the evidence is in, the attorneys will present their closing arguments to summarize and interpret the evidence for you, and I will instruct you on the law. After that, you will go to the jury room to decide your verdict.

Source:
11th Cir. Pattern Jury Instr. (Criminal) P1 (2022 Ed.).

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 2

### Preliminary and Explanatory Instructions to Innominate (Anonymous) Jury

I'll tell you about something that affects how a jury is selected and how a trial is conducted.

Sometimes criminal trials attract the attention of the media and the public. The level of interest is unpredictable and not within my control. This case may attract an unusual amount of attention, so there may be curiosity about the participants – the lawyers, witnesses, defendants, judge, and perhaps even the jurors.

People may ask questions to learn more about the case. Even though these questions may be well-intentioned, they may still distract you from your duties as a juror. These questions can be awkward or inconvenient for you, your family, and your friends. They can be part of unwanted and improper approaches toward you from outside the courtroom.

During your service as a juror, you must not discuss this case with anyone. And even after the case is finished, you will never be required to explain your verdict or jury service to anyone.

Your names and personal information will be known only to court personnel and will not be disclosed.

11

To discourage unwanted publicity, telephone calls, letters, and questions, you will be referred to only by your juror number.

<u>Source</u>:
11th Cir. Pattern Jury Instr. (Criminal) P2 (2022 Ed.).

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 3

### Introduction

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.  After I've completed these instructions, you will go to the jury room and begin your discussions - what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

Source:
11th Cir. Pattern Jury Instr. (Criminal) B1 (2022 Ed.).

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 4 [1]

### The Duty to Follow Instructions And the Presumption of Innocence

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a defendant isn't evidence of guilt. The law presumes every defendant is innocent. The Defendant does not have to prove her innocence or produce any evidence at all. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

Source:
11th Cir. Pattern Jury Instr. (Criminal) B2.1 (2022 Ed.).

---

[1] To be given if the Defendant <u>does</u> testify, if the Defendant <u>does not</u> testify, *11th Cir. Pattern Jury Instr. (Criminal)* B2.2 should be given instead.

14

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 4 [2]

### The Duty to Follow Instructions and the Presumption Of Innocence When a Defendant Does Not Testify

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a Defendant isn't evidence of guilt. The law presumes every Defendant is innocent. The Defendant does not have to prove her innocence or produce any evidence at all. A Defendant does not have to testify, and if the Defendant chose not to testify, you cannot consider that in any way while making your decision. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

Source:
11th Cir. Pattern Jury Instr. (Criminal) B2.2 (2022 Ed.).

---

[2] To be given if the Defendant does not testify, if the Defendant does testify, *11th Cir. Pattern Jury Instr. (Criminal)* B2.1 should be given instead.

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 5

### Definition of Reasonable Doubt

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all possible doubt.  The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt," is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs.  If you are convinced that a Defendant has been proved guilty beyond a reasonable doubt, say so.  If you are not convinced, say so.

Source:
11th Cir. Pattern Jury Instr. (Criminal) B3 (2022 Ed.).

16

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 6

### Consideration Of Direct And Circumstantial Evidence;
### Argument Of Counsel; Comments By The Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But anything the lawyers say isn't evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

Source:
11th Cir. Pattern Jury Instr. (Criminal) B4 (2022 Ed.).

17

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 7

### Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

18

<u>Source</u>:
11th Cir. Pattern Jury Instr. (Criminal) B5 (2022 Ed.).

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 8

### Impeachment of Witness Because of Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

Source:
11th Cir. Pattern Jury Instr. (Criminal) B6.1 (2022 Ed.)

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 9

### Expert Witness

When scientific, technical, or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

Source:
11th Cir. Pattern Jury Instr. (Criminal) B7 (2022 Ed.)

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 10

### Conjunctively Charged Counts

Where a statute specifies multiple alternative ways in which an offense may be committed, the <u>indictment</u> may allege the multiple ways in the conjunctive, that is, by using the word "and."  If only <u>one</u> of the alternatives is proved beyond a reasonable doubt, that is sufficient for conviction, so long as you agree unanimously as to that alternative.

<u>Source</u>:
11th Cir. Pattern Jury Instr. (Criminal) B8.1 (2022 Ed.)

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 11

### Caution: Punishment (Single Defendant, Multiple Counts)

Each count of the indictment charges a separate crime. You must consider each crime and the evidence relating to it separately. If you find the Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime.

I caution you that the Defendant is on trial only for the specific crimes charged in the indictment. You're here to determine from the evidence in this case whether the Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether the Defendant is guilty. If you find the Defendant guilty, the punishment is for the Judge alone to decide later.

Source:
11th Cir. Pattern Jury Instr. (Criminal) B10.2 (2022 Ed.).

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 12

### Duty to Deliberate

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So, you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

Source:
11th Cir. Pattern Jury Instr. (Criminal) B11 (2022 Ed.).

24

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 13

### Verdict

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me, and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.

Source:
11th Cir. Pattern Jury Instr. (Criminal) B12 (2022 Ed.).

## <u>GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 14</u>

### Testimony of Accomplice or Codefendant with Plea Agreement

You must consider some witnesses' testimony with more caution than others.

In this case, the Government has made a plea agreement with a Codefendant in exchange for her testimony. Such "plea bargaining," as it's called, provides for the possibility of a lesser sentence than the Codefendant would normally face. Plea bargaining is lawful and proper, and the rules of this court expressly provide for it.

But a witness who hopes to gain more favorable treatment may have a reason to make a false statement in order to strike a good bargain with the Government.

So, while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

And the fact that a witness has pleaded guilty to an offense isn't evidence of the guilt of any other person.

<u>Source</u>:
11th Cir. Pattern Jury Instr. (Criminal) S1.2 (2022 Ed.).

## <u>GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 15</u>

### Confession or Statement of a Single Defendant

If the Government offers evidence that a Defendant made a statement or admission to someone after being arrested or detained, you must consider that evidence with caution and great care.

You must decide for yourself (1) whether the Defendant made the statement, and (2) if so, how much weight to give to it. To make these decisions, you must consider all the evidence about the statement – including the circumstances under which it was made.

<u>Source</u>:
11th Cir. Pattern Jury Instr. (Criminal) S2.1 (2022 Ed.).

## <u>GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 16</u>

### **Identification Testimony**

The Government must prove beyond a reasonable doubt that the Defendant was the person who committed the crime.

If a witness identifies a Defendant as the person who committed the crime, you must decide whether the witness is telling the truth. But even if you believe the witness is telling the truth, you must still decide how accurate the identification is.

I suggest that you ask yourself questions:

1. Did the witness have an adequate opportunity to observe the person at the time the crime was committed?

2. How much time did the witness have to observe the person?

3. How close was the witness?

4. Did anything affect the witness's ability to see?

5. Did the witness know or see the person at an earlier time?

You may also consider the circumstances of the identification of the Defendant, such as the way the Defendant was presented to the witness for identification and the length of time between the crime and the identification of the Defendant.

After examining all the evidence, if you have a reasonable doubt that the Defendant was the person who committed the crime, you must find the Defendant not guilty.

<u>Source</u>:
11th Cir. Pattern Jury Instr. (Criminal) S3 (2022 Ed.).

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 17

### Note-taking

You've been permitted to take notes during the trial. Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

Source:
11th Cir. Pattern Jury Instr. (Criminal) S5 (2022 Ed.).

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 18

### Possession

The law recognizes several kinds of possession. A person may have actual possession, constructive possession, sole possession, or joint possession.

"Actual possession" of a thing occurs if a person knowingly has direct physical control of it.

"Constructive possession" of a thing occurs if a person doesn't have actual possession of it but has both the power and the intention to take control over it later.

"Sole possession" of a thing occurs if a person is the only one to possess it.

"Joint possession" of a thing occurs if two or more people share possession of it.

The term "possession" includes actual, constructive, sole, and joint possession.

Source:
11th Cir. Pattern Jury Instr. (Criminal) S6 (2022 Ed.).

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 19

### Evidence of Flight

Intentional flight or concealment by a person during or immediately after a crime has been committed, or after she is accused of a crime, is not, of course, sufficient in itself to establish the guilt of that person. But intentional flight or concealment under those circumstances is a fact which, if proved, may be considered by the jury in light of all the other evidence in the case in determining the guilt or innocence of that person.

Whether or not the Defendant's conduct constituted flight or concealment is exclusively for you, as the Jury, to determine. And if you do so determine whether or not that flight or concealment showed a consciousness of guilt on her part, and the significance to be attached to that evidence, are also matters exclusively for you as a jury to determine.

I remind you that in your consideration of any evidence of flight or concealment, if you should find that there was flight or concealment, you should also consider that there may be reasons for this which are fully consistent with innocence. These may include fear of being apprehended, unwillingness to confront the police, or reluctance to confront the witness.

And may I also suggest to you that a feeling of guilt does not necessarily reflect actual guilt of a crime which you may be considering.

<u>Source</u>:
11th Cir. Pattern Jury Instr. (Criminal) S19 (2022 Ed.).

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 20

**Explanatory Instruction**
**Transcript of Tape-Recorded Conversation**

Members of the Jury: Certain exhibits have been identified as a typewritten transcriptions of oral conversations heard on the tape recordings received in evidence. The transcript also purports to identify the speakers engaged in the conversation.

I've admitted the transcript for the limited and secondary purpose of helping you follow the content of the conversation as you listen to the tape recording and also to help you identify the speakers.

But you are specifically instructed that whether the transcript correctly reflects the content of the conversation, or the identity of the speakers is entirely for you to decide based on your own evaluation of the testimony you have heard about the preparation of the transcript, and from your own examination of the transcript in relation to hearing the tape recording itself as the primary evidence of its own contents.

If you determine that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent.

Source:
11th Cir. Pattern Jury Instr. (Criminal) T3 (2022 Ed.).

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 21

### Introduction to Offense Instructions

The Indictment charges four separate crimes, called "counts," against the Defendant. Each count has a number. You'll be given a copy of the Indictment to refer to during your deliberations.

Count One charges that Defendant committed what is called a "substantive offense," specifically aided and abetted murder in the first degree.

Count Two charges that Defendant committed what is called a "substantive offense," specifically aided and abetted kidnapping resulting in death.

Count Three charges that Defendant committed what is called a "substantive offense," specifically aided and abetted robbery.

Count Four charges that Defendant committed what is called a "substantive offense," specifically aided and abetted to use and carry a firearm during and in relation to a robbery causing the death of another.

Source:
11th Cir. Pattern Jury Instr. (Criminal) B8 (2022 Ed.)

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 22

### Murder in the First Degree: Felony Murder

It's a Federal crime to murder another person while committing or attempting to commit the crime of kidnapping or robbery within the territorial jurisdiction of the United States.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) Victim #1, [victim's name], was killed;

(2) the death of Victim #1 occurred as a result of the Defendant's knowingly committing or attempting to commit the crime of kidnapping or robbery as specified in the indictment; and

(3) the killing took place within the territorial jurisdiction of the United States.

The crime is "felony murder" – a killing that takes place during the knowing and willful commission of some other specified felony crime.

The Government does not have to prove that the Defendant had a premeditated plan or intent to kill the victim. The Government only has to prove beyond a reasonable doubt that the Defendant knowingly committed or attempted

to commit the crime of kidnapping or robbery as specified and that the victim died during and as a result of that crime.

I will define kidnapping and robbery for you in a moment.

Additionally, you may find the defendant attempted kidnapping or attempted robbery, or both, if you find beyond a reasonable doubt: first, the defendant knowingly intended to commit the crime of kidnapping or robbery, or both; and second, the defendant's intent was strongly corroborated by her taking a substantial step toward committing the crime.  A "substantial step" is an important action leading up to committing of an offense- not just an inconsequential act. It must be an act that would normally result in committing the offense.

If you find beyond a reasonable doubt that the crime occurred at the location described in the indictment, that location is within the territorial jurisdiction of the United States.

Source:
11th Cir. Pattern Jury Instr. (Criminal) O45.2 & S11 (2022 Ed.);
18 U.S.C. §§ 1111

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 23

### Kidnapping

It's a Federal crime for anyone to kidnap, abduct, or carry away another person using any means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

1. The Defendant knowingly and willfully seized, inveigled, kidnapped, abducted, or carried away Victim #1, [victim's name], or Victim #2, [victim's name], or both;

2. The Defendant seized, inveigled, kidnapped, abducted, or carried away Victim #1 or Victim #2, or both with the intent to secure a ransom, reward, or other benefit and held Victim #1 or Victim #2, or both for that reason; and

3. In committing or in furtherance of the commission of the offense, the Defendant used a means, facility, or instrumentality of interstate or foreign commerce; or the Defendant seized, inveigled, kidnapped, abducted, or carried away Victim #1 or Victim #2, or both within the territorial jurisdiction of the United States.

To "kidnap" a person means to forcibly and unlawfully hold, keep, detain, and confine that person against the person's will. Involuntariness or coercion related to taking and keeping the victim is an essential part of the crime.

To "inveigle" a person means to lure, or entice, or lead the person to do something by making false representations or promises or using other deceitful means.

The Government doesn't have to prove that the Defendant committed the kidnapping for ransom or any kind of personal financial gain. It only has to prove that the Defendant intended to gain some benefit from the kidnapping.

"Interstate commerce" means business or travel between one state and another.

Instrumentalities of interstate commerce are the people and things themselves moving in commerce, including automobiles, airplanes, boats, and shipments of goods. *United States v. Ballinger*, 395 F.3d 1218 (11th Cir. 2005).

Use of a cellphone, even without evidence of the interstate routing of calls is sufficient to satisfy the jurisdictional element of section 1201(a)(1). *United States v. McKinley*, 647 F.App'x 957, 961-62 (11th Cir. 2016); *accord United States v. McCormack*, 700 F.App'x 643, 645 (9th Cir. 2017) (not precedential).

If you find the Defendant guilty of kidnapping, you will answer an additional question: whether the death of Victim #1 resulted from the commission of the offense. The Government has the burden of proof on this question, and the standard again is proof beyond a reasonable doubt.

Source:
11th Cir. Pattern Jury Instr. (Criminal) O49 (2022 Ed.);
18 U.S.C. §§ 1201(a)(1) & (a)(2);
*United States v. Ballinger*, 395 F.3d 1218 (11th Cir. 2005); *United States v. McKinley*, 647 F.App'x 957, 961-62 (11th Cir. 2016); *accord United States v. McCormack*, 700 F.App'x 643, 645 (9th Cir. 2017) (not precedential).

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 24

### Robbery

It's a Federal crime to take or to attempt to take from or in the presence of another person by force and violence, or by intimidation anything of value.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant knowingly took or attempted to take anything of value from or in the presence of Victim #1 or Victim #2, or both; and

(2) the Defendant did so by means of force and violence, or means of intimidation.

To take "by means of intimidation" is to say or do something in a way that would make an ordinary person fear bodily harm.

The heart of the crime is taking anything of value by using intimidation. It doesn't matter whether the victim was actually scared or whether the Defendant's behavior was violent enough to cause terror, panic, or hysteria as long as an ordinary person in the victim's position would have felt a threat of bodily harm by the Defendant's conduct.

Source:
11th Cir. Pattern Jury Instr. (Criminal) *modified* 76.1 (2022 Ed.);
18 U.S.C. §§ 2111

41

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 25

### Using or Carrying a Firearm During a Violent Crime

It's a separate Federal crime to use or carry a firearm during and in relation to a violent crime.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) that the Defendant committed the violent crime of robbery charged in Count Three of the indictment; and

(2) that during and in relation to that crime the Defendant knowingly used or carried a firearm, as charged in the indictment.

A "firearm" is any weapon designed to or readily convertible to expel a projectile by the action of an explosive. The term includes the frame or receiver of any such weapon or any firearm muffler or silencer.

To "use" a firearm means more than a mere possession and more than proximity and accessibility to the firearm. It requires active employment of the firearm by brandishing or displaying it in some fashion.

To "brandish" a firearm means to show all or part of the firearm to another person, or otherwise make another person aware of the firearm, in order to intimidate that person. The firearm need not be directly visible to the other person.

To "carry" a firearm is to have the firearm on one's person or to transport the firearm, such as in a vehicle, from one place to another, while committing the violent crime drug-trafficking crime.

To use or carry a firearm "in relation to" a crime means that the firearm had some purpose or effect with respect to the crime and was not there by accident or coincidence. The firearm must have facilitated, or had the potential of facilitating, the crime.

If you find the Defendant guilty of using or carrying a firearm during and in relation to a violent crime, you will answer additional questions about the firearm: whether the firearm was discharged and whether the firearm caused the death of Victim #1. The Government has the burden of proof on these questions, and the standard again is proof beyond a reasonable doubt.

Source:
11th Cir. Pattern Jury Instr. (Criminal) Modified 35.2 (2022 Ed.);
18 U.S.C. §§ 924(c)(1)(A) and 924(j)(1)

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 26

### Aiding and Abetting

It's possible to prove the Defendant guilty of a crime even without evidence that the Defendant personally performed every act charged.

Ordinarily, any act a person can do may be done by directing another person, or "agent." Or it may be done by acting with or under the direction of others.

A Defendant "aids and abets" a person if the Defendant intentionally joins with the person to commit a crime. Aiding and abetting comprehends all assistance rendered by words, acts, encouragement, support, or presence.

A Defendant is criminally responsible for the acts of another person if the Defendant aids and abets the other person. A Defendant is also responsible if the Defendant willfully directs or authorizes the acts of an agent, employee, or other associate.

But finding that a Defendant is criminally responsible for the acts of another person requires proof that the Defendant intentionally associated with or participated in the crime – not just proof that the Defendant was simply present at the scene of a crime or knew about it.

A Defendant who aids and abets the crime of using or carrying a firearm during and in relation to a violent crime can be found guilty even if the Defendant

did not personally use or carry the firearm. But to be found guilty on this basis, the Defendant must have actively participated in the violent crime with advance knowledge that another participant would use or carry a firearm during and in relation to the violent crime.

Advance knowledge means knowledge at a time when the Defendant chose to begin or continue the Defendant's participation in the violent crime. The Defendant chose to continue the Defendant's participation if the Defendant learned of the firearm and continued to participate. But the Defendant did not choose to continue to participate if the Defendant learned of the firearm too late for the Defendant to be reasonably able to walk away.

In other words, you must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

If you find the defendant guilty of aiding and abetting the offense of using or carrying a firearm during and in relation to the crime of violence, you must then determine whether the firearm was discharged, even accidentally. To aid and abet the possession or carrying a firearm that was discharged, the defendant need not have advance knowledge that the discharge would occur.

If you find the defendant guilty of aiding and abetting the offense of using or carrying a firearm during and in relation to the crime of violence, you must then

determine whether the firearm caused the death of Victim #1, even accidentally. To aid and abet the possession or carrying a firearm that caused the death of Victim #1, the defendant need not have advance knowledge that the firearm would cause the death of Victim #1.

Source:
11th Cir. Pattern Jury Instr. (Criminal) S7 & 35.7 (2022 Ed.);
*Rosemond v. U.S.,* 572 U.S. 65, 73 (2014)

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 27

### On Or About, Knowingly, Willfully

You'll see that the Indictment charges that the crime was committed "on or about" a certain date.  The Government doesn't have to prove that the crime occurred on an exact date.  The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that her conduct may be violating.

Source:
11th Cir. Pattern Jury Instr. (Criminal) B9.1A (2022 Ed.).

## **GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 28**

### **Caution: Punishment**

Each count of the Indictment charges a separate crime. You must consider each crime and the evidence relating to it separately. If you find the Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime.

I caution you that the Defendant is on trial only for the specific crimes charged in the indictment. You're here to determine from the evidence in this case whether the Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether the Defendant is guilty. If you find the Defendant guilty, the punishment is for the Judge alone to decide later.

Source:
11th Cir. Pattern Jury Instr. (Criminal) B10.2 (2022 Ed.)

## **GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 29**

### **Duty to Deliberate**

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So, you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

Source:
11th Cir. Pattern Jury Instr. (Criminal) B11 (2022 Ed.).

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 30

### Verdict

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me, and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.

<u>Source</u>:
11th Cir. Pattern Jury Instr. (Criminal) B12 (2022 Ed.).

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing has been electronically filed with the Clerk of Court, Northern District of Alabama, on this day, using the CM/ECF filing system that will send notification of said filing to counsel for the Defendant.

*/s/ Electronic Signature*
JONATHAN S. CROSS
Assistant United States Attorney